[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 3132-am
The Department of Social Services has submitted an agreement to support which purports to establish an arrearage to the State of Connecticut and a payment plan on the arrearage. The agreement was filed with this court and is subject to review pursuant to General Statutes § 46b-231
(m)(6).
The named plaintiff Kimberly Steele commenced this action to dissolve her marriage to the defendant. The writ, summons and complaint were served upon the defendant on December 27, 1999. There was one minor child issue of the marriage, Jeanna Maree Steele, born January 14, 1998. The complaint alleges, inter alia, that the State had provided financial support for the family. While it is not clear from the file when the State was notified of the case, the record discloses that the Attorney General filed an appearance dated May 23, 2000. On May 4, 2000 the defendant signed an agreement with the plaintiff agreeing to joint custody of Jeanna with primary residence with the mother and agreeing to child support in agreement with the child support guidelines although no monetary amount was specified.
On the May 25, 2000 uncontested list, judgment entered dissolving the marriage of the parties. The court, Purtill; J., found the agreement fair and equitable and attached it to the judgment but did not incorporate its terms. Instead, the court established a monetary order of $70.00 per week support plus $1.00 per year alimony for five years. No arrearage was found.
The agreement to support purports to establish an arrearage for a period prior to the dissolution judgment. However, the State was present at the dissolution hearing. In fact, the alimony order was specifically noted as modifiable only on motion of the State. Thus it is clear the State participated in the hearing and had its opportunity to claim any arrearage for past due support. The proposed agreement appears to be an improper attempt to amend the judgment of the Superior Court. Such an amendment can be accomplished, if at all, only by a proper motion to open the judgment. Filiatrault v. Becotte, 12 S.M.D. 154 (1998); Carniero v.Brevetti, 10 S.M.D. 72 (1996).
The court further finds that the "agreement" fails to provide proper notice to the plaintiff mother as required by General Statutes §46b-231 (in) (2). The court finds it difficult to characterize this document as an "agreement" at all, since one of the essential parties is CT Page 3132-an not a signatory and there is no evidence that she had any notice of the terms.
Accordingly, for the reasons stated the agreement to support is disapproved.
BY THE COURT
Harris T. Lifshitz Family Support Magistrate